Orthwein Matchette Company, Defendant in Error, v. Finley Barrell et al., trading as Finley Barrell & Company, Plaintiffs in Error.

Gen. No. 20,282.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 30, 1914.

## Statement of the Case.

Action by Orthwein Matchette Company, a corporation, against Finley Barrell, Eugene R. Pike and William E. White, copartners, trading as Finley Barrell & Company, to recover a sum alleged to be due the plaintiff under a written contract relating to an arrangement whereby the defendants agreed to install a private wire from the office of plaintiff in Kansas City to its office in Wichita, and the plaintiff agreed to send the defendants all the grain business it received from the Wichita Board of Trade except that to be executed at Kansas City. To reverse a judgment entered on a verdict in favor of plaintiff, defendants prosecute a writ of error.

CHESTER ARTHUR LEGG, for plaintiffs in error.

JAMES M. SHEEAN and MARTIN H. FOSS, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

PARTNERSHIP, § 123*—*evidence sufficient to establish agreement with.* In an action against a copartnership to recover a sum alleged to be due under a contract whereby the defendants agreed to take care of the business furnished by a Board of Trade in a certain city with which plaintiff had a contract, evidence *held* sufficient to warrant a finding by a jury that the defendants, through

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

one of their members, assented to the contract with reference to the conditions of the arrangement made between plaintiff and said Board of Trade so that the defendants were bound thereby, it appearing that the member was present at the time the arrangement was orally made and that the plaintiff thereafter sent a memorandum of the agreement to him for his approval, and in answer thereto he wrote to plaintiff that to his mind it covered all the points of the agreement.

## Mary Sampson, Appellee, v. Sanfrid Harmstrom et al., Appellants.

### Gen. No. 20,299.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded with directions. Opinion filed November 30, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Mary Sampson against Sanfrid Harmstrom and Albert Harmstrom to rescind a transaction between the complainant and defendant Sanfrid Harmstrom on the ground that a fiduciary relation existed between said parties and that complainant was induced to enter into the transaction through his false and fraudulent representations. From a decree granting the relief prayed, defendants appeal.

JAMES G. SKINNER and C. H. SIPPEL, for appellants.

CHARLES J. O'CONNOR, R. HAROLD O'CONNOR and EDWARD C. KESLER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. EXCHANGE OF PROPERTY, § 10*—*when party not entitled to rescission.* Where a woman, after making loans through a real estate and loan broker, entered into a contract with the broker for an exchange of real estate and gave her note secured by mortgage for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.